IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| Fallya Petrakopoulou, <br><br> Plaintiff, <br><br> v. <br><br> DHR International, Inc., | FILED: SEPTEMBER 2, 2008 <br> 08CV4989 <br> JUDGE BUCKLO <br> MAGISTRATE JUDGE DENLOW <br> EDA <br><br> Case No. <br><br> TRIAL BY JURY DEMANDED |

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the plaintiff Fallya Petrakopoulou, by her attorney, Law Offices of Johanna J. Raimond Ltd., and complains against defendant DHR International, Inc. as follows:

1. This is an action for breach of contract brought under Illinois law.

## PARTIES

2. Plaintiff Fallya Petrakopoulou is a citizen of Greece and a permanent resident of the United States domiciled in the State of New Jersey. She was an employee of DHR International, Inc.

3. Defendant DHR International, Inc. is a Delaware corporation with a primary place of business in Chicago, Illinois. DHR International is an executive search firm with offices throughout the United States and around the world.

## JURISDICTION AND VENUE

4. This court has diversity jurisdiction over this claim because defendant is a Delaware corporation with a principal place of business in Chicago, Illinois; plaintiff is a Greek citizen domiciled in the State of New Jersey; and the amount in controversy exceeds $75,000. Accordingly, jurisdiction is properly vested in this Court pursuant to 28 U.S.C. § 1332.

5. Defendant has a primary place of business in Chicago, Illinois and therefore venue is proper under 28 U.S.C. § 1391.

## SUMMARY OF FACTS

6. On or about June 1, 2007, defendant and plaintiff entered into a written employment agreement ("the Employment Agreement"), a copy of which is attached to this Complaint as Exhibit A.

7. The Employment Agreement provided DHR International would employ plaintiff as its Executive Vice President and Managing Director of its French office.

8. Plaintiff's job was to open a DHR International office in Paris, France and to recruit executives.

9. The Employment Agreement provided that plaintiff would receive compensation that included, among other things, an annual salary of $250,000, a signing bonus of $50,000, an annual bonus and commissions.

10. The contract provided that either party could terminate the contract with three months notice or another mutually agreed upon timeframe.

11. Plaintiff left a senior position at another executive recruiting firm in reliance on defendant's employment offer.

12. Plaintiff began working for defendant on October 1, 2007.

13. On March 24, 2008, plaintiff received an e-mail from DHR International stating that the company wanted to change the terms of her Employment Contract. In particular, DHR wanted to change plaintiff's compensation from a salary/bonus/commission structure to solely commission.

14. Plaintiff declined DHR International's request to change the terms of her contract.

15. On March 28, 2008, plaintiff was no longer able to access defendant's computer system.

16. On March 31, 2008, defendant informed plaintiff it was "accepting her resignation."

17. However, plaintiff never resigned and, in fact, had responsibilities under French law as an agent of DHR International that continue through today.

18. DHR International failed and refused to provide plaintiff with three months notice of termination of the contract as required under the terms of the contract.

19. DHR International failed and refused to pay plaintiff the compensation owed her under the contract or to reimburse her for costs expended and that continue to be expended on behalf of the company.

## COUNT 1
### Breach of Contract

20. Plaintiff realleges paragraphs 1-19 as if fully set forth herein.

21. Plaintiff and defendant entered into a written employment contract that promised plaintiff specific terms of compensation and three months notice of any termination of the contract.

22.     Defendant breached its contract with plaintiff by failing to compensate her under the terms of the contract, reimburse her expenses and failing to give her three months notice of the termination of the contract.

23.     Plaintiff suffered monetary damage as a result of this breach of contract, including but not limited to salary, bonuses, and expenditures made on behalf of the corporation.

WHEREFORE, plaintiff prays that this Court enter a judgment in favor of plaintiff and the costs of bringing this action.

A TRIAL BY JURY IS DEMANDED.

                                              Respectfully submitted,

                                              FALLYA PETRAKOPOULOU

                                              /s/ Johanna J. Raimond
                                              By Her Attorney

Johanna J. Raimond
Law Offices of Johanna J. Raimond Ltd.
321 S. Plymouth Court, Suite 1515
Chicago, Illinois 60604
Phone: 312/235-6959
Fax: 312/469-8302
Counsel for Plaintiff